Venkat Balasubramani (*admitted pro hac vice*)
**FOCAL PLLC**
8426 40th Avenue SW
Seattle, WA  98136
Tel:  (206) 529-4827
Fax:  (206) 260-3966
Email: *venkat@focallaw.com*

John A. Conley, State Bar #016429
382 E Palm Lane
Phoenix, AZ  85004-1531
Tel:  (602) 307-0780
Fax:  (602) 307-0784
Email: *johnconley@jbslaw.net*

**Attorneys for Plaintiff, PET HOLDINGS, INC.**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| PET HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE, registrant of domain name <failbook.com>,<br><br>Defendant. | **NO. 2:10-CV-00189-MHB**<br><br>**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY** |

## I. INTRODUCTION

Plaintiff, Pet Holdings, Inc. ("*PHI*") seeks limited expedited discovery to identify the registration details of the domain name (the "*Domain Name*") underlying the facts of this lawsuit.  For the reasons set forth below, Plaintiff satisfies the good cause standard, and should be entitled to conduct limited discovery in the form of a subpoena to the

MEMO. OF POINTS AND AUTHORITIES RE MOT. FOR LEAVE TO CONDUCT DISCOVERY– 1

registrar for the Domain Name seeking the name, address, and other registration details of the registrant of the Domain Name.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a Seattle-based web company that operates the CHEEZBURGER network of humorous media properties, including, for example, the websites accessible via the following domain names: <cheezburger.com>, <failblog.org>, <myfirstfail.com>, <craythingsparentssay.com>, <engrishfunny.com>, <probablybadnews.com>, <failbooking.com>, and <thisisphotobomb.com>. (Balasubramani Decl., ¶ 2.) Plaintiff's websites are popular, and receive approximately 5.5 million webpage views daily. PHI constantly launches new websites, products, and media properties. In addition to the websites, PHI has published books, sponsored events, and operates an online retail store.

PHI recently launched the site (the "*PHI Site*"), accessible at the domain name <www.failbooking.com> (the "*PHI Domain Name*"), a humor-oriented site that highlights funny miscommunications in social networking posts. (Id., ¶ 3.)

The PHI Site contains intellectual property owned by PHI. (Id., ¶ 4.) Namely, the PHI Site is part of the CHEEZBURGER network and the CHEEZBURGER mark appears on the PHI Site. PHI owns Application Serial Number 77/806,474, filed on August 17, 2009, for the mark CHEEZBURGER in connection with "Entertainment services, namely, providing web sites featuring text, photos, images, and other audiovisual material of a humorous nature" in International Class 041. PHI also owns Registration Number 3,426,428, registered on January 26, 2008, for the mark I CAN HAS CHEEZBURGER? in connection with "Providing On-Line Forums for the Transmission of Images and Messages among Computer Users concerning Animals and

1  Humor" in International Class 038.  PHI also hold rights in the following unregistered
2  marks, which it has used on the PHI Site since the site launched, all in connection with
3  providing websites featuring text, images, and other material of a humorous nature:

| Mark |
|---|
| failbooking Too Funny to Unfriend |
| "FAILBOOKING" |
| "TOO FUNNY TO UNFRIEND" |

10  PHI holds copyrights rights in certain works appearing on the PHI Site.  (Id., ¶ 5.)
11  On January 22, 2010, PHI applied for registrations in the works titled "FAILBOOKING
12  WEB SITE JANUARY 19, 2010."  The application was submitted on an expedited basis
13  and bears the number 1-318713462.  PHI also owns rights in the Flaming Head Logo and
14  in the design and layout elements of the PHI Site, specifically, the banner at the top of
15  the page with the Flaming Head Logo, the FAILBOOKING mark, and the tagline "Too
16  Funny to Unfriend" on a blue background.

17  At some time subsequent to the launching of the PHI Site, the website accessible at
18  the Domain Name (the "*Infringing Site*") caused an entire copy of the PHI Site to be
19  reproduced via the Domain Name.  (Id., ¶ 6.)  Registrant also requested that visitors to
20  the Infringing Site recommend the Infringing Site on Digg, a website accessible at
21  <www.digg.com>, where web users can submit web content that they find interesting
22  and recommend this content to fellow users.  (Id., ¶ 7.)  Individuals within the Digg
23  community may see the recommendations for the Infringing Site and visit that website,
24  rather than the legitimate site – the PHI Site, or be confused about the affiliation between

the two. Additionally, and Registrant offered the Infringing Site (the Domain Name) for sale, and advertised the Domain Name using Plaintiff's goodwill and trademarks. To prospective purchasers and end users, it would have appeared that Plaintiff operated the Infringing Site and was offering it for sale.

The Registrar for the Domain Name is GoDaddy.com, located at 14455 N. Hayden Rd., Ste. 219, Scottsdale, Arizona 85260. (Id., ¶ 8.) The Registrant information is private, but the Registrant's agent Domains by Proxy, Inc., 15111 N. Hayden Rd., Ste. 160, PMB 353, Scottsdale, Arizona 85260 effected the registration.

Plaintiff filed the present action on January 27, 2010 asserting claims (among others) for trademark and copyright infringement. Registrant has identified himself as a resident of Mexico, but apart from his name, telephone number and email, PHI is not aware of any other details regarding Registrant. Plaintiff seeks leave to conduct limited discovery in order to discover the Registrant's true identity, address, and other registration details underlying the Domain Name, by serving Rule 45 subpoenas duces tecum on two different possible sources: (1) GoDaddy.com, Inc. (the registrar) and (2) Domains By Proxy (Registrant's agent who effected the registration). Among other things, this discovery will enable Plaintiff to assess whether the current lawsuit should proceed as a lawsuit against the Registrant personally, or as an *in rem* action.

### III.  DISCUSSION

#### A.  EXPEDITED DISCOVERY STANDARDS

Courts are empowered with discretion to grant leave for expedited discovery. *See* FED. R. CIV. P. 30(a), 33(a), 33(b)(3), 34(b) (courts control the manner and timing of discovery). The general discovery rule under Rule 26(d) provides that a party must wait to propound discovery until the parties have held their Rule 26(f) conference, but if

"good cause" exists, the court may permit discovery on an expedited basis. *See* <u>Yokohama Tire Corp. Dealers Tire Supply, Inc.</u>, 202 F.R.D. 612 (D. Ariz. 2001); <u>Semitool, Inc. v. Tokyo Electron America, Inc.</u>, 208 F.R.D. 273 (N.D. Cal. 2002).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." <u>Semitool</u>, 208 F.R.D. at 276. Good cause is generally satisfied where a plaintiff is asserting claims of infringement of intellectual property rights. <u>Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc.</u>, 213 F.R.D. 418, 419 (D. Colo. 2003) (good cause standard satisfied where the moving party has asserted claims of infringement and unfair competition); <u>Semitool</u>, 208 F.R.D. at 276 (N.D. Cal. 2002) ("It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition.").

Good cause may also be satisfied where the defendant has not appeared, and the moving party is therefore precluded from engaging in the Rule 26(f) conference. <u>Sheridan v. Oak St. Mortg.</u>, LLC, 244 F.R.D. 520, 522 (E.D. Wisc. 2007) ("Since [defendant] has not appeared in this action and is in default, Sheridan is effectively precluded from engaging in a Rule 26(f) conference."); <u>see</u> also <u>Kimberlite Corp. v. John Does 1-20</u>, 2008 WL 2264485 (N.D. Cal. 2008) (granting motion for expedited discovery through third-party subpoenas or other third-party discovery where plaintiff lacked identifying information about John Does defendants).

**B.  PLAINTIFF SATISFIES THE GOOD CAUSE STANDARD IN THIS CASE**

Good cause for expedited discovery exists here, since the Plaintiff seeks to protect its intellectual property rights. *See* <u>Qwest</u>, 213 F.R.D. at 419; <u>Semitool</u>, 208 F.R.D. at 276 (N.D. Cal. 2002). Further, although the Registrant has purportedly identified

himself, Plaintiff needs to ascertain additional details regarding the Registrant and underlying the registration of the Domain Name. This information is necessary in order to proceed with service of process. Disclosure of these details will not prejudice the Registrant in any way. Absent leave of Court to conduct discovery, Plaintiff will effectively be precluded from proceeding with any discovery since there is no opportunity for a rule 26(f) conference, and the action cannot proceed with effective representation from both parties. Accordingly, pursuant to Qwest, Semitool, Sheridan, and Kimberlite, expedited discovery is appropriate to discover the identity of Registrant.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests leave to conduct limited discovery to ascertain Registrant's registration information.

Dated this 4th day of February, 2010.

**FOCAL PLLC**

By: */s/Venkat Balasubramani*

Venkat Balasubramani (*pro hac vice*)
8426 40th Ave SW
Seattle, WA 98136
Tel:  (206) 529-4827
Fax: (206) 260-3966
email:  *venkat@focallaw.com*

John A. Conley, State Bar #016429
382 E Palm Lane
Phoenix, AZ 85004-1531
Tel:    (602) 307-0780
Fax:   (602) 307-0784
Email: *johnconley@jbslaw.net*